**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL E. POLLAK,

      Appellant,

    v.

OFFICE OF PERSONNEL
  MANAGEMENT,

      Agency.

DOCKET NUMBER
DA-0841-15-0046-I-1

DATE:  May 7, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael E. Pollak</u>, Houston, Texas, pro se.

<u>Kristine Prentice</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) final decision calculating his retirement annuity benefits under the Federal Employees' Retirement System (FERS).  Generally, we grant petitions such as this one only

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        OPM issued the appellant a final decision finding that he had 7 years, 6 months, and 2 days of creditable service toward his FERS retirement annuity. Initial Appeal File (IAF), Tab 12 at 5-8. In its final decision, OPM explained that the appellant was not entitled to credit for 5 months' service with the U.S. Census Bureau between May and September 2000, because (1) there was no evidence that he was appointed to and served in such a position, and (2) there was no evidence that retirement contributions were withheld from his salary during this alleged period of employment. *Id*. at 6-8. OPM explained, moreover, that the law does not allow an employee to make a deposit toward his retirement annuity for periods of time that he worked but did not contribute toward his retirement annuity occurring on or after January 1, 1989. *Id*. at 8; 5 U.S.C. § 8411(b)(3). OPM additionally found that it properly calculated the appellant's creditable service as a "when actually employed" (WAE) tax specialist with the Internal Revenue Service between November 2002 and November 2010. *Id*. at 6. OPM explained that the appellant was credited for the periods of time he actually

worked during this period of time and that he was additionally credited with up to 6 months' service for each year between 2004 and 2007, for the time he was in a nonpay status.[2]  *Id*. at 6, 18, 21-22.  OPM thus affirmed its decision that the appellant had accrued 7 years, 6 months, and 2 days of creditable service toward his FERS retirement annuity.  *Id*. at 5, 20.

¶3        The appellant filed an initial appeal of OPM's final decision.  IAF, Tab 2.  The administrative judge held a telephonic hearing and affirmed OPM's final decision, finding that the appellant failed to establish by a preponderance of the evidence that he was entitled to any additional creditable service toward the calculation of his FERS annuity.  IAF, Tab 18, Initial Decision (ID).  The appellant has filed a petition for review of the initial decision in which he raises complaints about the processing of a separate federal district court complaint and argues that he was wrongly denied work between 2003 and 2010.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition, and the appellant has filed a reply.  PFR File, Tabs 4-5.

¶4        The appellant bears the burden of proving by preponderant evidence that he is entitled to the retirement benefits he seeks.  *See* 5 C.F.R. 1201.56(a)(2), (c)(2); *see also Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986), *cert denied*, 479 U.S. 1037 (1987).  We agree with the administrative judge that the record evidence does not support the appellant's claim to additional creditable service for a 5-month period of employment with the U.S. Census Bureau in 2000.  ID at 4.  The appellant submitted no evidence of such employment either below or on review, and we agree that he has not established his alleged entitlement to an additional period of creditable service for this time.  ID at 4; *see generally Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶ 6 (2014) (the Board has jurisdiction to review

---

[2] The appellant was employed as a seasonal tax specialist and generally worked between January and May in 2004, 2005, 2006, and 2007, and was in a nonpay status for the remainder of each year.  *See* IAF, Tab 12 at 23-26.

the accuracy and completeness of an individual retirement record (IRR) in the context of appeals from OPM final decisions that rely on the IRRs), *aff'd*, No. 2014-3129, 2015 WL 1061870 (Fed. Cir. Mar. 12, 2015). Additionally, even assuming that the appellant served in such a position, we further agree with the administrative judge that OPM correctly concluded that, because there is no evidence that the appellant made retirement contributions toward his retirement annuity during this time, the applicable laws and regulations do not allow him to subsequently make a deposit toward his retirement annuity for the time he worked, but did not contribute to his annuity, on or after January 1, 1989. *See* 5 U.S.C. § 8411(b)(3); *see also* 5 C.F.R. § 842.304(a)(2)(i).

¶5        We also agree with the administrative judge that OPM properly calculated the appellant's creditable service while employed as a WAE tax specialist with the Internal Revenue Service. ID at 2, 4. The evidence reflects that the appellant worked on a seasonable basis between 2004 and 2007, and that during these years he was credited with 6 months' service toward his retirement annuity for the period of time each year he was in a nonpay status. ID at 2; IAF, Tab 12 at 23-26. Under 5 U.S.C. § 8411(d), an employee generally receives no more than 6 months' credit per year for extended leaves of absence without pay. *See Bain v. Office of Personnel Management*, 978 F.2d 1227, 1230 (Fed. Cir. 1992); *see also* 5 C.F.R. § 842.304(a)(4) (an employee is entitled to credit for all purposes under FERS for a period of civilian service with the government while on leave of absence without pay subject to a limit of 6 months per calendar year except when performing military service or when receiving workers' compensation benefits). OPM's final decision reflects that the appellant was given a 6-month credit for each year he was in a nonpay status between 2004 and 2007. IAF, Tab 12 at 18, 23-26. We therefore agree with the administrative judge that OPM properly calculated the appellant's creditable service between 2004 and 2007, based upon the periods of time he was in a nonpay status, and we

AFFIRM OPM's final decision finding the appellant accrued 7 years, 6 months, and 2 days of creditable service toward his FERS retirement annuity.

¶6 Finally, we have considered the appellant's remaining arguments on review and find that they do not address the propriety of either the administrative judge's initial decision or OPM's final decision concerning the calculation of his creditable service. PFR File, Tabs 1, 5. As such, they present no basis to overturn the initial decision. *See Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶ 14 (denying a petition for review which failed to make specific allegations of error), *aff'd*, 404 F. App'x 466 (Fed. Cir. 2010); *see also* 5 C.F.R. § 1201.115.

¶7 The administrative judge's initial decision affirming OPM's final decision is AFFIRMED and the appellant's petition for review is DENIED.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                William D. Spencer
                Clerk of the Board

Washington, D.C.